**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JORDAN JOSUE ACOSTA CHAVEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DELANDEY HALL DETENTION FACILITY,<br><br>Respondent. | Civil Action No. 26-13013 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Jordan Josue Acosta Chavez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing that his detention is unlawful. (ECF No. 1.) Respondents filed an opposition to the Petition. (ECF No. 6.) The Court has considered the parties' submissions and decided the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner, an Ecuadorian native, unlawfully entered the United States on September 8, 2024. (ECF No. 6 at 1; ECF No. 6-1 at 2.) On the same date, immigration officials processed Petitioner and issued him a Notice to Appear. (ECF No. 6-1 at 3.) Petitioner was paroled into the country. (*Id.*) On September 4, 2026, an immigration judge ("IJ") ordered Petitioner removed *in absentia* after Petitioner failed to appear at a hearing. (ECF No. 6 at 1; ECF No. 6-2.) On September

21, 2026, Immigration and Customs Enforcement ("ICE") officers took Petitioner into custody pursuant to the final order of removal. (ECF No. 6 at 1; ECF No. 6-3.)

On October 6, 2026, Petitioner filed the instant Petition arguing he is unlawfully detained in violation of his constitutional rights. (ECF No. 1.) On October 14, 2026, Respondents opposed the Petition, arguing that Petitioner is subject to a final order of removal and is lawfully detained under 8 U.S.C. § 1231(a). (ECF No. 6.)

## II. <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court has jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner bears the burden of showing that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. <u>DISCUSSION</u>

In the Petition, Petitioner argues that he is unlawfully detained in violation of his constitutional rights. (ECF No. 1.) Respondents argue that Petitioner is lawfully detained under an *in absentia* final order of removal pursuant to 8 U.S.C. § 1231(a). (ECF No. 6.)

The record shows that on September 4, 2026, an IJ ordered Petitioner removed *in absentia*. (ECF No. 6-2.) Petitioner's *in absentia* Removal Order is, by statute, a final order of removal. *See* 8 U.S.C. § 1229a(b)(5); *Matter of Guzman*, 22 I. & N. Dec. 722, 722-23 (BIA 1999). As such, Petitioner has been subject to a final order of removal since September 4, 2026.

Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted). As a result, Petitioner's detention, measured from his September 4, 2026 final order of removal, remains within the 90-day mandatory detention period, rendering any challenge to his § 1231 detention premature.

## IV. CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **DISMISSED** ***without prejudice***. An appropriate Order accompanies this Opinion.

**DATED: 11/3/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**