**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JORDAN JOSUE ACOSTA CHAVEZ,

Petitioner,

v.

WARDEN, DELANDEY HALL DETENTION FACILITY,

Respondent.

Civil Action No. 26-13013 (JXN)

**MEMORANDUM AND ORDER**

**NEALS**, District Judge

Before the Court is Petitioner Jordan Josue Acosta Chavez's ("Petitioner") Motion for Reconsideration (ECF No. 9), moving for the Court to reconsider the Court's November 3, 2026, Opinion and Order (ECF Nos. 7, 8) denying Petitioner's Petition for Writ of Habeas Corpus ("Petition").

Petitioner, an Ecuadorian native, unlawfully entered the United States on September 8, 2024. (ECF No. 6 at 1; ECF No. 6-1 at 2.) On the same date, immigration officials processed Petitioner and issued him a Notice of Appear. (ECF No. 6-1 at 3.) Petitioner was paroled into the country. (*Id.*) On September 4, 2026, an immigration judge ("IJ") ordered Petitioner removed *in absentia* after Petitioner failed to appear at a hearing. (ECF No. 6 at 1; ECF No. 6-2.) On September 21, 2026, Immigration and Customs Enforcement ("ICE") officers took Petitioner into custody pursuant to the final order of removal. (ECF No. 6 at 1; ECF No. 6-3.)

On October 6, 2026, Petitioner filed his Petition arguing that he is unlawfully detained in violation of his constitutional rights. (ECF No. 1.) On October 14, 2026, Respondents opposed the

Petition, arguing that Petitioner is subject to a final order of removal and is lawfully detained under 8 U.S.C. § 1231(a). (ECF No. 6.)

On November 3, 2026, the Court issued an Opinion and Order finding that the record before the Court showed that on September 4, 2026, an IJ ordered Petitioner removed in absentia, and that an *in absentia* Removal Order is, by statute, a final order of removal. (ECF No. 7 at 2, citing 8 U.S.C. § 1229a(b)(5); *Matter of Guzman*, 22 I. & N. Dec. 722, 722-23 (BIA 1999).) The Court denied Petitioner's Petition, finding that Petitioner's detention, measured from his September 4, 2026 final order of removal, is still within the 90-day mandatory detention period, rendering any challenge to his § 1231 detention premature. (*Id.* at 3, citing *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001).)

On November 5, 2026, Petitioner filed the instant Motion for Reconsideration. (ECF No. 9.) Petitioner asks the Court to reconsider its November 3, 2026, Opinion and Order, arguing that he did not receive notice of his *in absentia* removal order. (*Id.* at 1.) Petitioner argues that he has the right to seek rescission of his *in absentia* removal order through a motion to reopen. (*Id.*) Petitioner argues that a motion to reopen would stay his removal proceedings, and he asks the Court to reconsider and reopen this matter so he can establish whether a motion to reopen his *in absentia* removal order has been filed and remains pending. (*Id.* at 2.)

Under Federal Rule of Civil Procedure 59(e), a motion for reconsideration to alter or amend a judgment should be granted only where the moving party shows: "(1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court [made its initial decision] or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014) (citation modified and omitted). Reconsideration "should be granted sparingly" because

"federal courts have a strong interest in the finality of judgments." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). A losing party cannot use such a motion to "relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment." *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)).

Petitioner argues that the Court should reconsider its prior Opinion and Order denying Petitioner's Petition and finding he is still within the 90-day mandatory detention period. (ECF No. 9.) Petitioner has a final order of removal. The record shows on September 4, 2026, an IJ ordered Petitioner removed *in absentia*. (ECF No. 6 at 1; ECF No. 6-2.) Petitioner's *in absentia* removal order is, by statute, a final order of removal. *See* 8 U.S.C. § 1229a(b)(5); *In re Guzman*, 22 I. & N. Dec. 722, 722-23 (BIA 1999). Petitioner has been subject to a final order of removal since that time. A motion to reopen his removal proceedings would not change the fact that Petitioner is subject to a final order of removal; it only "stay[s] the removal of [Petitioner] pending disposition of the motion by the [IJ]." 8 C.F.R. § 1003.23(b)(4)(ii). As such, even if Petitioner showed he has a pending motion to reopen, he is still subject to a final order of removal.

Petitioner has not demonstrated an intervening change in controlling law, newly available evidence, clear error of law or fact, or manifest injustice warranting reconsideration of the Court's November 3, 2026 Order. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Petitioner's Motion for Reconsideration will be denied. Accordingly,

**IT IS**, on this 16th day of November 2026,

**ORDERED** that the Clerk of the Court shall **REOPEN** this matter for the purpose of Memorandum and Order; it is further

**ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 9) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

**JULIEN XAVIER NEALS**
**United States District Judge**